**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:26-cv-793 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| GARY WILLIAM FRALICK, | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 6). In its Response in Opposition (Doc. 8), Plaintiff requests that the Court remand this action in light of its Stipulation Regarding the Amount in Controversy (Doc. 5). Defendant did not file a reply brief, and the time to do so has passed. *See* S.D. Ohio Civ. R. 7.2(a). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Dismiss (Doc. 6) is **DENIED AS MOOT**, and this matter is **REMANDED** to the Court of Common Pleas for Clermont County, Ohio.

Plaintiff filed suit against Defendant in the Court of Common Pleas for Clermont County, Ohio, asserting state-law claims. (*See* State Complaint, Doc. 3.) Defendant removed the action based on diversity jurisdiction. (Notice of Removal, Doc. 1.) Plaintiff then filed a stipulation limiting the total relief it seeks and will accept to a cumulative amount of less than $75,000, inclusive of compensatory damages, punitive damages, costs, attorney's fees, and the fair market value of any injunctive relief. (Stipulation, Doc.

5, Pg. ID 64.)

## LAW & ANALYSIS

"A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn*, 72 F.3d 1253, 1254 (6th Cir. 1996) (citing 28 U.S.C. § 1447(c)). In his Notice of Removal, Defendant asserts that this action is properly in federal court based on diversity jurisdiction. (Notice of Removal, Doc. 1.) A federal court has diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A binding, unequivocal stipulation may clarify that the amount in controversy falls below the jurisdictional threshold. *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). "As long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal courts of subject matter jurisdiction." *Id.*

Plaintiff stipulates that the cumulative relief it seeks and will accept is less than $75,000, inclusive of compensatory damages, punitive damages, costs, attorney's fees, and the fair market value of any injunctive relief. (Stipulation, Doc. 5, Pg. ID 64–65.) Plaintiff's stipulation thus unequivocally limits the amount in controversy to no more than $75,000. *See, e.g.*, *Summit Logistics Grp., LLC*, 606 F. Supp. 3d at 748. Accordingly, the amount-in-controversy requirement for diversity jurisdiction is not satisfied, and the Court lacks subject matter jurisdiction over this case. *See, e.g.*, *Total Quality Logistics, LLC v. Johnson*, No. 1:21-CV-467, 2021 U.S. Dist. LEXIS 147519, at *6-7 (S.D. Ohio Aug. 5, 2021); *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 U.S. Dist.

LEXIS 213291, at *7 (S.D. Ohio Dec. 11, 2019). Remand is thus appropriate.

Based on the foregoing reasons, the Court **ORDERS** the following:

1. Defendant's Motion to Dismiss (Doc. 6) is **DENIED AS MOOT**;
2. This matter is **REMANDED** to the Court of Common Pleas for Clermont County, Ohio; and
3. The matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND